## National Acceptance Corporation v. Ulick.

*Edward I. Lipschutz*, for landlord; *Lewis Earl Weiss*, for defendant.

GORDON, JR., J., April 26, 1932.—This case is before us on a rule by a landlord upon the sheriff to show cause why the exemption claimed by Edna Ulick, the defendant debtor, should not be set aside as to the landlord's rent claim and the sheriff ordered to proceed with the sale. The undisputed facts of the case are that, when the writ of fieri facias, issued by the plaintiff upon its judgment, was served by the sheriff, the petitioning landlord was in possession of the goods under a distress for rent in the sum of $150. The service of the fieri facias by the sheriff stayed the landlord's distraint under the provisions of the Act of June 22, 1931, P. L. 889. This act provides that when goods under distraint for rent are seized by the sheriff, the landlord's levy shall be stayed, the sheriff shall proceed to sell the goods, and the landlord shall be entitled to participate in distribution of the proceeds of the sale

upon filing his claim for rent with the sheriff. This landlord, therefore, filed his claim for rent and costs in the sum of $224.25 with the sheriff, as the act required. The defendant then filed with the sheriff a claim for exemption as to the plaintiff's execution. The judgment creditor having done nothing since the filing of the defendant's claim for exemption, the landlord paid the cost of posting bills to the sheriff and requested him to proceed with the execution. The sheriff has declined to proceed, however, because he desires to be instructed respecting the proper procedure to be followed in conducting the sale, in view of the defendant's claim for exemption as to the judgment creditor, and the fact that the lease between the landlord and the defendant as tenant contains a waiver of her right to exemption under the debtor's act. The landlord has, therefore, taken the rule which is now before us.

It is evident that the Act of 1931, which is an amendment to the Act of May 7, 1929, P. L. 1589, was not intended to change the substantive rights of the parties. Its only purpose is to consolidate, in the machinery of a single sale under the supervision of the sheriff, the successive sales by the landlord and by the sheriff. The manner of conducting the sale, however, is not prescribed by the act, and it is, therefore, necessary to adopt such a method of procedure as will secure to all the parties concerned their lawful rights and interests. Before the Act of 1929, and its amendment of 1931, the landlord would have been entitled to hold his sale first, and to have sold all the goods necessary to satisfy his claim, even to the extent of selling them all; if any were left, the sheriff would then have taken possession of the balance, and out of it the judgment debtor would have been entitled to her full $300 exemption. In the consolidated sale by the sheriff under the act, however, this result would not be attained if the debtor's goods were sold indiscriminately or the exempted goods first, and the debtor might lose her right, as to the judgment creditor, to pick out her exemption and have it set aside to her before the sale. For example, if all the goods be worth $500, and the sheriff first sells out of the $300 worth, which the debtor chooses for her exemption, enough to satisfy the landlord's claim of approximately $200, and then sells the balance of the goods, exclusive of the remaining exempted lot, to satisfy the judgment, the judgment creditor will receive $200, and the debtor will have received only an exemption of $100. Indeed, on the basis of these figures, the judgment creditor will not be entitled to sell any of the goods, for the debtor will be entitled, as to it, to her full exemption of $300 after the landlord's claim is satisfied. The waiver of exemption does not give the landlord a right to sell the exemption first. He may sell all, if necessary, to satisfy his claim, but he should be permitted to go upon the exemption only after the rest of the goods are found to be insufficient to pay him in full. To assure the debtor her full rights, therefore, the exempted lot should be sold last, and only if the remaining goods are insufficient to satisfy the landlord in full. This is the only procedure which will assure to the debtor the full enjoyment of the benefits of the exemption, which the law in its humanity gives her.

The pleadings disclose that the landlord has paid to the sheriff the cost of posting bills, but not his fees for the appraisal of the goods under the claim for exemption. The sheriff, however, cannot be compelled to proceed until they are paid, and the landlord must, therefore, see to their payment, notwithstanding he is not liable for such costs, the exemption having been waived as to him, if he desires the sale to proceed.

The objection advanced by the defendant to the rule, that the landlord is not a party to the record, and, therefore, has no standing to compel the sheriff

to proceed with the execution, is without merit. He is brought into the execution proceedings by the Act of 1931, which stays his distraint and relegates him to the proceeds of the sale for the satisfaction of his rent claim. He, therefore, has such an interest as entitles him, upon payment of the sheriff's costs, to demand that the sale proceed.

Accordingly, the rule upon the sheriff to set aside the exemption of the landlord and to proceed with the sale is made absolute, conditioned upon the receipt by the sheriff of all his costs, including the cost of making the appraisal under the claim of exemption; and upon receiving his costs the sheriff shall set aside the exempted goods as required by law, and shall first sell all other goods subject to the execution to the extent necessary to satisfy the claims, both of the landlord and of the judgment creditor; and if the sale of said goods does not realize sufficient to pay the landlord's claim in full, the sheriff shall, in that event, and only in that event, proceed to sell the exempted goods, or such portion thereof as may be necessary to satisfy the landlord's claim in full and all costs incident to the execution.